UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MBAWE,

    Plaintiff,

v.

FERRIS STATE UNIVERSITY, et al.,

    Defendants.
_____/

CASE NO. 1:16-CV-1189

HON. ROBERT J. JONKER

## ORDER

The matter is before the Court on Defendants' Motion for Sanctions under Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927. (ECF No. 88). The Court has reviewed Defendants' motion and Plaintiff's response to it. After its review, the Court concludes the motion will be DENIED.

Fed. R. Civ. P. 11(b) requires an attorney to conduct a reasonable inquiry before presenting a pleading, written motion or other paper to the court, to confirm, among other things, that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). In determining whether Rule 11 sanctions are appropriate, a court must decide "whether the conduct for which such sanctions are sought was 'reasonable under the circumstances.'" *Salkil v. Mt. Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). The Court must be careful not to apply Rule 11 in a hindsight effort that punishes a party for vigorous, albeit ultimately unsuccessful, advocacy.

*See Allstate Insurance Company v. Tricare Management Activity*, 662 F. Supp. 2d 883, 894-96 (W.D. Mich. 2009), *aff'd* 431 F. App'x 477 (6th Cir. 2011).  Not every weak theory is sanctionable.  The touchstone of Rule 11 focuses on objective reasonableness.  *Id.* at 894-95.

Under 28 U.S.C. § 1927, a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." A district court may impose sanctions under this statute "when it determines that 'an attorney reasonably should know that a claim pursued is frivolous.'"  *Salkil*, 458 F.3d at 532 (quoting *Ridder*, 109 F.3d at 298).

Defendants advance two theories under Rule 11.  The first Rule 11 theory is that Plaintiff violated Rule 11(b) by continuing to claim, even after Plaintiff's deposition, that Plaintiff was a qualified individual.  Defendants contend that it was clear that Plaintiff was suffering from delusions and could not maintain his intern pharmacist license, and for this reason Plaintiff and his attorney should have realized that there was no reasonable prospect of success on Plaintiff's ADA or § 504 claims.  But Rule 11 motions "should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings" FED. R. CIV. P. 11 (1993 Advisory Committee Notes), and that is really all that there is here.  It was reasonable, under the circumstances, for Plaintiff and his attorney to believe he was a qualified individual because the issues relating to Plaintiff's intern pharmacist license involve complicated questions about Plaintiff's hospitalization and the workings of state regulations.  Though the Court ultimately found the claim to be unsuccessful, the argument was not unreasonable or frivolous under the circumstances.

Defendants' second Rule 11 theory relates to Plaintiff's arguments against the individual defendants.  This theory also fails.  In Plaintiff's view, there were shifting justifications offered for his dismissal from the pharmacy program, and those justifications ran contrary to the views of his

2

treating physician.  Plaintiff's claims against these defendants may not have been strong, but the record does not support a conclusion that Plaintiff's counsel reasonably should have known that the claims against the individual defendants were frivolous.

For all these reasons, the Court concludes that the sanctions Defendants seek are not warranted, and for the same reasons the Court finds no basis to impose sanctions under 28 U.S.C. § 1927.  The Court further finds no basis for sanctions against Defendants, as Plaintiff requests in his response brief. Though it is without merit, the Court sees no basis on this record for concluding the instant motion was brought for an improper basis.

**ACCORDINGLY, IT IS ORDERED** that Defendants' Motion for Sanctions (ECF No. 88) is **DENIED.**


Dated:    April 11, 2018           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE